IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:14cr403-MHT |
| | ) | (WO) |
| **FREDA LANISE CLARK** | ) | |

CORRECTED OPINION AND ORDER

This cause is before the court on the government and defendant Freda Lanise Clark's joint motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for December 1, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

>offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would result in a miscarriage of justice" or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Clark in a speedy trial. Clark has applied for, and the government is

recommending, pretrial diversion.  The parties need additional time for the government to prepare the pretrial diversion packet to submit to probation and for probation to conduct its investigation and make a determination on the government's recommendation.

***

Accordingly, it is ORDERED as follows:

(1) The government and defendant Freda Lanise Clark's joint motion for continuance (doc. no. 204) is granted.

(2) The jury selection and trial, now set for December 1, 2014, are reset for March 23, 2015, at 10:00 a.m., in the Federal Courthouse in Opelika, Alabama.

DONE, this the 19th day of November, 2014.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**